# EXHIBIT BB

COMMERCIAL

# Commercial

## Arbitration Rules and Mediation Procedures

**Including Procedures for Large, Complex Commercial Disputes**

American Arbitration Association®

Available online at **adr.org/commercial**
Rules Amended and Effective September 1, 2022

If you would like to speak to a member of the AAA Commercial Team, please visit **https://go.adr.org/commercial-contact.html**.

# Table of Contents


Important Notice . . . . . 7

Introduction. . . . . 7

Standard Arbitration Clause . . . . . 8

Administrative Fees . . . . . 8

Mediation . . . . . 8

Large, Complex Cases . . . . . 9

Commercial Arbitration Rules . . . . . 10

R-1. Agreement of Parties* . . . . . 10
R-2. AAA, Delegation of Duties, Conduct of Parties, Administrative Review Council . . 11
R-3. National Roster of Arbitrators . . . . . 11
R-4. Filing Requirements and Procedures . . . . . 11
R-5. Answers and Counterclaims . . . . . 13
R-6. Changes of Claim . . . . . 14
R-7. Jurisdiction . . . . . 14
R-8. Consolidation and Joinder . . . . . 15
R-9. Interpretation and Application of Rules . . . . . 17
R-10. Mediation . . . . . 17
R-11. Administrative Conference . . . . . 17
R-12. Fixing of Locale . . . . . 17
R-13. Appointment from National Roster. . . . . . 18
R-14. Direct Appointment by Party . . . . . 19
R-15. Appointment of Chairperson by Party-Appointed Arbitrators, Parties, or the AAA . . . . . 19
R-16. Nationality of Arbitrator . . . . . 20
R-17. Number of Arbitrators. . . . . . 20
R-18. Disclosure . . . . . 20
R-19. Disqualification of Arbitrator . . . . . 21
R-20. Communication with Arbitrator . . . . . 21
R-21. Vacancies. . . . . . 22
R-22. Preliminary Hearing . . . . . 22
R-23. Pre-Hearing Exchange and Production of Information . . . . . 22

R-24. Enforcement Powers of Arbitrator . . . . . 23
R-25. Date, Time, Place, and Method of Hearing . . . . . 23
R-26. Attendance at Hearing . . . . . 24
R-27. Representation . . . . . 24
R-28. Oaths . . . . . 24
R-29. Official Record of Proceedings . . . . . 24
R-30. Interpreters . . . . . 25
R-31. Postponements . . . . . 25
R-32. Arbitration in the Absence of a Party or Representative . . . . . 25
R-33. Conduct of Proceedings . . . . . 25
R-34. Dispositive Motions . . . . . 26
R-35. Evidence . . . . . 26
R-36. Evidence by Written Statements and Post-Hearing Filing of Documents or Other Evidence . . . . . 26
R-37. Inspection or Investigation . . . . . 27
R-38. Interim Measures . . . . . 27
R-39. Emergency Measures of Protection . . . . . 27
R-40. Closing of Hearing . . . . . 29
R-41. Reopening of Hearing . . . . . 29
R-42. Waiver of Rules . . . . . 29
R-43. Extensions of Time . . . . . 29
R-44. Serving of Notice and Communications . . . . . 30
R-45. Confidentiality . . . . . 30
R-46. Majority Decision . . . . . 30
R-47. Time of Award . . . . . 31
R-48. Form of Award . . . . . 31
R-49. Scope of Award . . . . . 31
R-50. Award Upon Settlement – Consent Award . . . . . 32
R-51. Delivery of Award to Parties . . . . . 32
R-52. Modification of Award . . . . . 32
R-53. Release of Documents for Judicial Proceedings . . . . . 32
R-54. Applications to Court and Exclusion of Liability . . . . . 32
R-55. Administrative Fees . . . . . 33
R-56. Expenses . . . . . 33
R-57. Neutral Arbitrator's Compensation . . . . . 33
R-58. Deposits . . . . . 34

R-59. Remedies for Nonpayment . . . 34
R-60. Sanctions . . . 35

Preliminary Hearing Procedures . . . 36
P-1. General . . . 36
P-2. Checklist . . . 36

Expedited Procedures . . . 39
E-1. Limitation on Extensions . . . 39
E-2. Changes of Claim or Counterclaim . . . 39
E-3. Serving of Notice . . . 39
E-4. Appointment and Qualifications of Arbitrator . . . 39
E-5. Discovery, Motions, and Conduct of Proceedings . . . 40
E-6. Proceedings on Documents and Procedures for the Resolution of Disputes Through Document Submission . . . 40
E-7. Date, Time, Place, and Method of Hearing . . . 41
E-8. The Hearing . . . 41
E-9. Time of Award . . . 41
E-10. Arbitrator's Compensation . . . 41

Procedures for Large, Complex Commercial Disputes . . . 42
L-1. Administrative Conference . . . 42
L-2. Arbitrators . . . 42
L-3. Management of Proceedings . . . 43

Administrative Fee Schedules (Standard and Flexible Fees) . . . 43

Commercial Mediation Procedures . . . 44
M-1. Agreement of Parties . . . 44
M-2. Initiation of Mediation . . . 44
M-3. Representation . . . 44
M-4. Appointment of the Mediator . . . 45
M-5. Mediator's Impartiality and Duty to Disclose . . . 45
M-6. Vacancies . . . 46
M-7. Duties and Responsibilities of the Mediator . . . 46
M-8. Responsibilities of the Parties . . . 47
M-9. Privacy . . . 47
M-10. Confidentiality . . . 47

M-11. No Stenographic Record . . . . . . . . . . 48
M-12. Termination of Mediation . . . . . . . . . . 48
M-13. Exclusion of Liability . . . . . . . . . . 48
M-14. Interpretation and Application of Procedures . . . . . . . . . . 48
M-15. Deposits . . . . . . . . . . 48
M-16. Expenses . . . . . . . . . . 49
M-17. Cost of the Mediation . . . . . . . . . . 49

# Commercial Arbitration Rules and Mediation Procedures

(Including Procedures for Large, Complex Commercial Disputes)

## Important Notice

These rules and any amendment of them shall apply in the form in effect at the time the administrative filing requirements are met for a demand for arbitration or submission agreement received by the AAA®. To ensure that you have the most current information, see our web site at www.adr.org.

## Introduction

Each year, many millions of business transactions take place. Occasionally, disagreements develop over these business transactions. Many of these disputes are resolved by arbitration, the voluntary submission of a dispute to an impartial person or persons for final and binding determination. Arbitration has proven to be an effective way to resolve these disputes privately, promptly, and economically.

The American Arbitration Association® (AAA), a not-for-profit, public service organization, offers a broad range of dispute resolution services to business executives, attorneys, individuals, trade associations, unions, management, consumers, families, communities, and all levels of government. Services are available through AAA headquarters in New York and through offices located in major cities throughout the United States. Hearings may be held at locations convenient for the parties and are not limited to cities with AAA offices. In addition, the AAA serves as a center for education and training, issues specialized publications, and conducts research on various forms of alternative dispute resolution.

## Standard Arbitration Clause

The parties can provide for arbitration of future disputes by inserting the following clause into their contracts:

> *Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.*

Arbitration of existing disputes may be accomplished by use of the following:

> *We, the undersigned parties, hereby agree to submit to arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules the following Controversy: (describe briefly). We further agree that the above controversy be submitted to (one) (three) arbitrator(s). We further agree that we will faithfully observe this agreement and the rules, that we will abide by and perform any award rendered by the arbitrator(s), and that a judgment of any court having jurisdiction may be entered on the award.*

The services of the AAA are generally concluded with the transmittal of the award. Although there is voluntary compliance with the majority of awards, judgment on the award can be entered in a court having appropriate jurisdiction if necessary.

## Administrative Fees

The AAA charges a filing fee based on the amount of the claim or counterclaim. This fee information, which is included with these rules, allows the parties to exercise control over their administrative fees. The fees cover AAA administrative services; they do not cover arbitrator compensation or expenses, if any, reporting services, or any post-award charges incurred by the parties in enforcing the award.

## Mediation

Subject to the right of any party to opt out, in cases where a claim or counterclaim exceeds $100,000, the Rules provide that the parties shall mediate their dispute upon the administration of the arbitration or at any time when the arbitration is pending. In mediation, the neutral mediator assists the parties in reaching a

settlement but does not have the authority to make a binding decision or award. Mediation is administered by the AAA in accordance with its Commercial Mediation Procedures. There is no additional filing fee where parties to a pending arbitration attempt to mediate their dispute under the AAA's auspices.

Although these rules include a mediation procedure that will apply to many cases, parties may still want to incorporate mediation into their contractual dispute settlement process. Parties can do so by inserting the following mediation clause into their contract in conjunction with a standard arbitration provision:

> *If a dispute arises out of or relates to this contract, or the breach thereof, and if the dispute cannot be settled through negotiation, the parties agree first to try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Procedures before resorting to arbitration, litigation, or some other dispute resolution procedure.*

If the parties want to use a mediator to resolve an existing dispute, they can enter into the following submission agreement:

> *The parties hereby submit the following dispute to mediation administered by the American Arbitration Association under its Commercial Mediation Procedures. (The clause may also provide for the qualifications of the mediator(s), method of payment, locale of meetings, and any other item of concern to the parties.)*

## Large, Complex Cases

Unless the parties agree otherwise, the Procedures for Large, Complex Commercial Disputes, which appear in this pamphlet, will be applied to all cases administered by the AAA under the Commercial Arbitration Rules in which the disclosed claim or counterclaim of any party is at least $1,000,000 exclusive of claimed interest, arbitration fees and costs. The key features of these Procedures include:

> A highly qualified, trained Roster of Neutrals;

> A mandatory preliminary hearing with the arbitrators, which may be conducted by teleconference or other electronic means;

> Broad arbitrator authority to order and control the exchange of information, including depositions;

> A presumption that hearings will proceed on a consecutive or block basis.

# Commercial Arbitration Rules

## R-1. Agreement of Parties*

**(a)** The parties shall be deemed to have made these Rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules. These Rules and any amendment to them shall apply in the form in effect at the time the administrative requirements are met for a Demand for Arbitration or Submission Agreement received by the AAA. Any disputes regarding which AAA rules shall apply shall be decided by the AAA. The parties, by written agreement, may vary the procedures set forth in these Rules. After appointment of the arbitrator, such modifications may be made only with the consent of the arbitrator.

**(b)** Unless the parties agree or the AAA determines otherwise, the Expedited Procedures shall apply in any case in which no disclosed claim or counterclaim exceeds $100,000, exclusive of interest, attorneys' fees, and arbitration fees and costs. Parties may also agree to use these Procedures in larger cases. Unless the parties agree otherwise, these Procedures will not apply in cases involving more than two parties. The Expedited Procedures shall be applied as described in Procedures E-1 through E-10, in addition to any other portion of these Rules that is not in conflict with the Expedited Procedures.

**(c)** Unless the parties agree otherwise, the Procedures for Large, Complex Commercial Disputes shall apply to all cases in which the disclosed claim or counterclaim of any party is at least $1,000,000, exclusive of claimed interest, attorneys' fees, arbitration fees and costs. Parties may also agree to use the Procedures in cases involving claims or counterclaims under $1,000,000 or in nonmonetary cases. The Procedures for Large, Complex Commercial Disputes shall be applied as described in Procedures L-1 through L-3 in addition to any other portion of these Rules that is not in conflict with the Procedures for Large, Complex Commercial Disputes.

**(d)** Parties may, by agreement, apply the Expedited Procedures; the Procedures for Large, Complex Commercial Disputes; or the Procedures for the Resolution of Disputes Through Document Submission (Procedure E-6) to any dispute.

**(e)** All other cases shall be administered in accordance with Rules R-1 through R-60 of these Rules.

** The AAA will apply the Employment/Workplace Rules to any dispute between an individual employee or an independent contractor (working or performing as an individual and not incorporated) and a business or organization and the dispute involves work or work-related claims, including any statutory claims and including work-related claims under independent contractor agreements. Should a contract call for the Consumer Rules, and the dispute is not between a consumer and a business, the AAA has the discretion to apply the Commercial Rules and Commercial Fee schedule. (Revised 5/1/25)*

** Beginning June 1, 2021, the AAA will apply the Consumer Arbitration Fee Schedule to any dispute between an online marketplace or platform and an individual user or subscriber (using or subscribed to the service as an individual and not incorporated) and the dispute does not involve work or work-related claims.*

## R-2. AAA, Delegation of Duties, Conduct of Parties, Administrative Review Council

**(a)** When parties agree to arbitrate under these Rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these Rules, they thereby authorize the AAA to administer the arbitration.

**(b)** The authority and duties of the AAA are prescribed in the agreement of the parties and in these Rules, and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices. Arbitrations administered under these Rules shall only be administered by the AAA or by an individual or organization authorized by the AAA to do so.

**(c)** The AAA requires that parties and their representatives conduct themselves in accordance with the AAA's *Standards of Conduct for Parties and Representatives* when utilizing the AAA's services. Failure to do so may result in the AAA's declining to further administer a particular case or caseload.

**(d)** For cases proceeding under the Procedures for Large, Complex Commercial Disputes, and for other cases where the AAA, in its sole discretion, deems it appropriate, the AAA may act through its Administrative Review Council to take the following administrative actions:

- **i)** determine challenges to the appointment or continuing service of an arbitrator;
- **ii)** make an initial determination as to the locale of the arbitration, subject to the power of the arbitrator to make a final determination; or
- **iii)** decide whether a party has met the administrative requirements to file an arbitration under these Rules.

## R-3. National Roster of Arbitrators

The AAA shall establish and maintain a National Roster of Arbitrators ("National Roster") and shall appoint arbitrators as provided in these Rules. The term "arbitrator" in these Rules refers to the arbitration panel, constituted for a particular case, whether composed of one or more arbitrators, or to an individual arbitrator, as the context requires.

## R-4. Filing Requirements and Procedures

**(a)** Filing Requirements

- **i)** Arbitration under an arbitration provision in a contract shall be initiated by the initiating party ("claimant") filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of the applicable arbitration agreement from the parties' contract which provides for arbitration. The filing fee must be paid before a matter is considered properly filed.

**ii)** Arbitration pursuant to a court order shall be initiated by the initiating party filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of any applicable arbitration agreement from the parties' contract which provides for arbitration.

**a)** The filing party shall include a copy of the court order.

**b)** The filing fee must be paid before a matter is considered properly filed. If the court order directs that a specific party is responsible for the filing fee, it is the responsibility of the filing party to either make such payment to the AAA and seek reimbursement as directed in the court order or to make other such arrangements so that the filing fee is submitted to the AAA with the Demand.

**c)** The party filing the Demand with the AAA is the claimant and the opposing party is the respondent regardless of which party initiated the court action. Parties may request that the arbitrator alter the order of proceedings if necessary pursuant to Rule R-33.

**iii)** Parties to any existing dispute who have not previously agreed to use these Rules may commence an arbitration under these Rules by filing a written Submission Agreement and the administrative filing fee. To the extent that the parties' Submission Agreement contains any variances from these Rules, such variances should be clearly stated in the Submission Agreement.

**iv)** Information to be included with any arbitration filing includes:

**a)** the name of each party;

**b)** the address of each party and, if known, the telephone number and email address;

**c)** if applicable, the name, address, telephone number, and email address of any known representative for each party;

**d)** a statement setting forth the nature of the claim including the relief sought and the amount involved; and

**e)** the locale requested if the arbitration agreement does not specify one.

**(b)** Filing Procedures

**i)** The initiating party may file or submit a dispute to the AAA in the following manner:

**a)** through AAA WebFile®, located at www.adr.org;

**b)** by filing the complete Demand or Submission with any AAA office, regardless of the intended locale of hearing; or

**c)** by emailing the complete Demand or Submission to casefiling@adr.org, with payment to follow as directed by the AAA.

**ii)** The filing party shall simultaneously provide a copy of the Demand and any supporting documents to the opposing party.

**iii)** Any papers, notices, or process necessary or proper for the initiation of an arbitration under this Rule may be served on a party:

**a)** by mail addressed to the party or its authorized representative at their last known address;

**b)** by electronic service/email, with the prior agreement of the party being served;

**c)** by personal service; or

**d)** by any other service methods provided for under the applicable procedures of the courts of the state where the party to be served is located.

**iv)** The AAA shall provide notice to the parties (or their representatives if so named) of the receipt of a Demand or Submission when the administrative filing requirements have been satisfied. The date on which the filing requirements are satisfied shall establish the date of filing the dispute for administration. However, all disputes in connection with the AAA's determination of the date of filing may be decided by the arbitrator.

**v)** It is the responsibility of the filing party to ensure that any conditions precedent to the filing of a case are met prior to filing an arbitration, as well as any time requirements associated with the filing. Any dispute regarding whether a condition precedent has been met may be raised with the arbitrator for determination.

**vi)** The AAA has the authority to make an administrative determination whether the filing requirements set forth in this Rule have been met.

**vii)** If the filing does not satisfy the filing requirements set forth in Section (a) above, the AAA shall acknowledge to all named parties receipt of the incomplete filing, and the filing may be returned to the initiating party.

**(c)** *Authority of arbitrator.* Any decision made by the AAA regarding filing requirements and procedures shall not interfere with the arbitrator's authority to determine jurisdiction pursuant to Rule R-7.

## R-5. Answers and Counterclaims

**(a)** A respondent may file an answering statement with the AAA within 14 calendar days after notice of the filing of the Demand is sent by the AAA. The respondent shall, at the time of any such filing, send a copy of any answering statement to the claimant and to all other parties to the arbitration. If no answering statement is filed within the stated time, the respondent will be deemed to deny the claim. Failure to file an answering statement shall not operate to delay the arbitration.

**(b)** A respondent may file a counterclaim at any time after notice of the filing of the Demand is sent by the AAA, subject to the limitations set forth in Rule R-6. The respondent shall send a copy of the counterclaim to the claimant and all other parties to the arbitration. If a counterclaim is asserted, it shall include a statement setting forth the nature of the counterclaim including the relief sought and the

amount involved. The filing fee as specified in the applicable AAA Fee Schedule must be paid at the time of filing. The claimant may file an answering statement or reply in response to the counterclaim with the AAA within 14 calendar days after notice of the filing of the counterclaim is sent by the AAA.

**(c)** If the respondent alleges that a different arbitration provision is controlling, the matter will be administered in accordance with the arbitration provision submitted by the initiating party subject to a final determination by the arbitrator.

**(d)** If the counterclaim does not meet the requirements for filing a claim and the deficiency is not cured by the date specified by the AAA, it may be returned to the filing party.

## R-6. Changes of Claim

**(a)** A party may at any time prior to the close of the hearing or by any earlier date established by the arbitrator increase or decrease the amount of its claim or counterclaim. Written notice of the change of claim amount must be provided to the AAA and all parties. If the change of claim amount results in an increase in the administrative fee, the balance of the fee is due before the change of claim or counterclaim amount may be accepted by the arbitrator. After the arbitrator is appointed, however, a party may increase the amount of its claim or counterclaim, or alter its request for non-monetary relief, only with the arbitrator's consent.

**(b)** Any new or different claim or counterclaim, as opposed to an increase or decrease in the amount of a pending claim or counterclaim, shall be made in writing and filed with the AAA, and a copy shall be provided to the other party, who shall have 14 calendar days from the date of such transmittal within which to file an answer to the proposed change of claim or counterclaim with the AAA. After the arbitrator is appointed, however, no new or different claim or counterclaim may be submitted except with the arbitrator's consent.

**(c)** A party that filed a claim or counterclaim of an undisclosed or undetermined amount must specify the amount of the claim or counterclaim to the AAA, all parties, and the arbitrator at least seven calendar days prior to the commencement of the hearing or by any other date established by the arbitrator. If the disclosed amount of the claim or counterclaim results in an increased filing fee, that fee must be paid at the time the claim or counterclaim amount is disclosed. For good cause shown and with the consent of the arbitrator, a party may proceed to the hearing with an undisclosed or undetermined claim or counterclaim, provided that the final amount of the claim or counterclaim is set forth in a post-hearing brief or submission and any appropriate filing fee is paid.

## R-7. Jurisdiction

**(a)** The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, without any need to refer such matters first to a court.

**(b)** The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

**(c)** A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

## R-8. Consolidation and Joinder

**(a)** Consolidation

- **i)** Two or more arbitrations may be consolidated if all parties to all of the arbitrations to be consolidated so agree.
- **ii)** Unless all parties agree to consolidation, the party requesting consolidation of two or more arbitrations must file with the AAA and serve on all other parties a written request for consolidation with the supporting reasons for such request within 90 days of the date the AAA determines that all administrative filing requirements were satisfied for the last-filed case that is part of the consolidation request. Such time limit may be extended by the arbitrator appointed in the first-filed case upon a showing of good cause for the late request. The other parties to the arbitrations shall provide their written responses to the consolidation request within 10 calendar days after the AAA sends notice of receipt of the request.
- **iii)** At its discretion, the AAA either may direct that the consolidation request be decided by the arbitrator appointed in the first-filed case or may appoint a consolidation arbitrator for the sole purpose of deciding the consolidation request.
- **iv)** The arbitrator deciding consolidation may order consolidation of two or more cases for all purposes or for such limited purposes and under such conditions as the arbitrator may direct.
- **v)** Absent agreement of all parties, an arbitrator appointed for the sole purpose of deciding the consolidation request shall have no further power to act, and shall be removed from the case, after the consolidation request is decided.
- **vi)** In deciding whether to consolidate, the arbitrator or consolidation arbitrator shall take into account all relevant circumstances, including:
  - **a)** the terms and compatibility of the agreements to arbitrate,
  - **b)** applicable law,
  - **c)** the timeliness of the request to consolidate and the progress already made in the arbitrations,
  - **d)** whether the arbitrations raise common issues of law and/or fact, and

**e)** whether consolidation of the arbitrations would serve the interests of justice and efficiency.

**(b)** Joinder

**i)** Additional parties may be joined to an arbitration if all parties to the arbitration and the parties proposed to be joined so agree.

**ii)** Absent such consent, all requests for joinder must be submitted to the AAA prior to the appointment of an arbitrator pursuant to these Rules or within 90 days of the date the AAA determines that all administrative filing requirements have been satisfied. The arbitrator may extend this deadline on a showing of good cause for the late request.

**iii)** If the existing parties and the parties proposed to be joined are unable to agree to the joinder of those additional parties to an ongoing arbitration, the arbitrator shall decide whether parties should be joined. If an arbitrator has not yet been appointed in the case, the AAA may appoint an arbitrator for the sole purpose of deciding the joinder request. Absent agreement of all parties, the arbitrator appointed for the sole purpose of deciding the joinder request shall have no further power to act, and shall be removed from the case, after the joinder request is decided.

**iv)** The party requesting the joinder of one or more parties to a pending arbitration must file with the AAA a written request that provides the names and contact information for such parties; the names and contact information for the parties' representatives, if known; and the supporting reasons for such request, including applicable law. The requesting party must provide a copy of the joinder request to all parties in the arbitration and all parties it seeks to join at the same time it files the request with the AAA. The other parties to the arbitration and the parties sought to be joined shall provide their written responses to the joinder request within 14 days after the AAA sends notice of receipt of the request for joinder.

**v)** The requesting party shall comply with the provisions of Rule R-4(a) as to all parties sought to be joined.

**(c)** If an arbitrator determines that separate arbitrations shall be consolidated or that the joinder of additional parties is permissible, that arbitrator may also determine:

**i)** whether any arbitrator previously appointed to an existing case that was consolidated shall remain on the newly constituted case;

**ii)** whether any arbitrator previously appointed to a case where additional parties have been joined shall remain;

**iii)** if appropriate, a process for selecting the arbitrator(s) to fill any vacancies; and

**iv)** unless agreed otherwise by the parties, the allocation among the parties of arbitrator compensation and expenses, subject to reapportionment by the arbitrator appointed to the ongoing or newly constituted case in the final award.

**(d)** The AAA may take reasonable administrative actions to accomplish any consolidation or joinder ordered by the arbitrator or as agreed to by the parties. Pending the determination on a consolidation or joinder request, the AAA shall have the authority to stay the arbitration or arbitrations impacted by the consolidation or joinder request, at its sole discretion.

## R-9. Interpretation and Application of Rules

The arbitrator shall interpret and apply these Rules insofar as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be decided by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other rules shall be interpreted and applied by the AAA.

## R-10. Mediation

In all cases where a claim or counterclaim exceeds $100,000, upon the AAA's administration of the arbitration or at any time while the arbitration is pending, the parties shall mediate their dispute pursuant to the applicable provisions of the AAA's Commercial Mediation Procedures, or as otherwise agreed by the parties. Absent an agreement of the parties to the contrary, the mediation shall take place concurrently with the arbitration and shall not serve to delay the arbitration proceedings. However, any party to an arbitration may unilaterally }opt out of this Rule upon notification to the AAA and the other parties to the arbitration. The parties shall confirm the completion of any mediation or any decision to opt out of this Rule to the AAA. Unless agreed to by all parties and the mediator, the mediator shall not be appointed as an arbitrator to the case.

## R-11. Administrative Conference

At the request of any party or upon the AAA's own initiative, the AAA may conduct an administrative conference, in person, by videoconference or by telephone, with the parties and/or their representatives. The conference may address such issues as arbitrator selection, mediation of the dispute, potential exchange of information, a timetable for hearings, and any other administrative matters.

## R-12. Fixing of Locale

The parties may mutually agree on the locale where the arbitration is to be held. When the parties' arbitration agreement requires a specific locale, absent the parties' agreement to change it, or a determination by the arbitrator that

applicable law requires a different locale, the locale shall be that specified in the arbitration agreement.

Any disputes regarding the locale that are to be decided by the AAA must be submitted to the AAA and all other parties within 14 calendar days after the AAA sends notice of the filing of the Demand or by the date established by the AAA. Disputes regarding locale shall be determined in the following manner:

**(a)** When the parties' arbitration agreement is silent with respect to locale, and if the parties disagree as to the locale, the AAA shall initially determine the locale of arbitration, subject to the power of the arbitrator after appointment to make a final determination on the locale.

**(b)** If the reference to a locale in the arbitration agreement is ambiguous, and the parties are unable to agree to a specific locale, the AAA shall determine the locale, subject to the power of the arbitrator to finally determine the locale.

**(c)** If the parties' arbitration agreement specifies more than one possible locale, the filing party may select any of the specified locales at the time of filing, subject to the power of the arbitrator to finally determine the locale.

The arbitrator, at the arbitrator's sole discretion, shall have the authority to conduct special hearings for document production purposes or otherwise at other locations if reasonably necessary and beneficial to the process.

## R-13. Appointment from National Roster

If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner:

**(a)** The AAA shall send simultaneously to each party to the dispute an identical list of 10 (unless the AAA decides that a different number is appropriate) names of persons chosen from the National Roster. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.

**(b)** If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 14 calendar days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. At its discretion, the AAA may limit the number of strikes permitted. The parties are not required to exchange selection lists. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable to that party. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if

for any other reason the appointment cannot be made from the submitted lists, the AAA shall have the power to make the appointment from among other members of the National Roster without the submission of additional lists.

**(c)** Unless the parties agree otherwise, when there are two or more claimants or two or more respondents, the AAA may appoint all the arbitrators.

## R-14. Direct Appointment by Party

**(a)** If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed. If a party selects an arbitrator for appointment, it shall file the name, address, telephone number, and email address of the arbitrator with the AAA. Upon the request of any appointing party, the AAA shall submit a list of members of the National Roster from which the party may, if it so desires, make the appointment.

**(b)** Where the parties have agreed that each party is to name one arbitrator, the arbitrators so named must meet the standards of Rule R-19 with respect to impartiality and independence unless the parties have specifically agreed pursuant to Rule R-19(b) that the party-appointed arbitrators are to be non-neutral and need not meet those standards.

**(c)** If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the AAA shall make the appointment.

**(d)** If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment. If within 14 calendar days after such notice has been sent, an arbitrator has not been appointed by a party, the AAA shall make the appointment.

## R-15. Appointment of Chairperson by Party-Appointed Arbitrators, Parties, or the AAA

**(a)** Where there is a panel of three or more arbitrators, one arbitrator will be designated as the panel chairperson. Such designation will be according to the terms of the parties' arbitration agreement. However, if the parties' arbitration agreement does not specify how the chairperson is to be selected, the chairperson can be designated, at the AAA's discretion, by the party-appointed arbitrators, the parties, the panel, or the AAA.

**(b)** If the arbitration agreement specifies a period of time for appointment of the chairperson and no appointment is made within that period or any agreed extension, the AAA may appoint the chairperson. If no period of time is specified for appointment of the chairperson, and the party-appointed arbitrators or the parties do not make the appointment within 14 calendar days from the date of the appointment of the last party-appointed arbitrator, the AAA may appoint the chairperson.

**(c)** Absent the agreement of the parties, the chairperson shall be appointed from the National Roster, and the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Rule R-13, a list selected from the National Roster, and the appointment of the chairperson shall be made as provided in that Rule.

## R-16. Nationality of Arbitrator

Where the parties are nationals of different countries, the AAA, at the request of any party or on its own initiative, may appoint as arbitrator a national of a country other than that of any of the parties. The request must be made before the time set for the appointment of the arbitrator as agreed by the parties or set by these Rules.

## R-17. Number of Arbitrators

**(a)** The parties may agree on the number of arbitrators to hear and determine the case. If the arbitration agreement does not specify the number of arbitrators or is ambiguous, and the parties do not otherwise agree, the dispute shall be heard and determined by one arbitrator, unless the AAA, in its discretion, directs that three arbitrators be appointed. A party may request three arbitrators in the Demand or Answer, which request the AAA will consider in exercising its discretion regarding the number of arbitrators appointed to the dispute.

**(b)** Use of terms such as "the arbitrator", "an arbitrator", or "the arbitrators" in the arbitration agreement, without further specifying the number of arbitrators, shall not be deemed by the AAA to reflect an agreement as to the number of arbitrators.

**(c)** Any request for a change in the number of arbitrators as a result of an increase or decrease in the amount of a claim or a new or different claim must be made to the AAA and other parties to the arbitration no later than seven calendar days after receipt of the Rule R-6-required notice of change of claim amount. If the parties are unable to agree with respect to the request for a change in the number of arbitrators, the AAA shall make that determination.

## R-18. Disclosure

**(a)** Any person appointed or to be appointed as an arbitrator, as well as the parties and their representatives, shall disclose to the AAA any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives. Such obligation shall remain in effect throughout the arbitration. Failure on the part of a party or a representative to comply with the requirements of this Rule may result in the waiver of the right to object to an arbitrator in accordance with Rule R-42.

**(b)** Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

**(c)** Disclosure of information pursuant to this Rule R-18 is not an indication that the arbitrator considers the disclosed circumstance likely to affect impartiality or independence.

## R-19. Disqualification of Arbitrator

**(a)** Any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and in good faith, and shall be subject to disqualification for:

**i)** partiality or lack of independence,

**ii)** inability or refusal to perform his or her duties with diligence and in good faith, and

**iii)** any grounds for disqualification provided by applicable law.

**(b)** The parties may agree in writing, however, that arbitrators directly appointed by a party pursuant to Rule R-14 shall be non-neutral, in which case such arbitrators need not be impartial or independent and shall not be subject to disqualification for partiality or lack of independence.

**(c)** Upon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified on the grounds set out above, and shall inform the parties of its decision, which decision shall be conclusive.

## R-20. Communication with Arbitrator

**(a)** No party and no one acting on behalf of any party shall communicate *ex parte* with an arbitrator or a candidate for arbitrator concerning the arbitration, except that a party, or someone acting on behalf of a party, may communicate *ex parte* with a candidate for direct appointment pursuant to Rule R-14 in order to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or independence in relation to the parties or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party-designated arbitrators are to participate in that selection.

**(b)** Rule R-20(a) does not apply to arbitrators directly appointed by the parties who, pursuant to Rule R-19(b), the parties have agreed in writing are non-neutral. Where the parties have so agreed under Rule R-19(b), the AAA shall as an administrative practice suggest to the parties that they agree further that Rule R-20(a) should nonetheless apply prospectively.

**(c)** As set forth in Rule R-44, unless otherwise instructed by the AAA, in the Rules, or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

## R-21. Vacancies

**(a)** If for any reason an arbitrator is unable or unwilling to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. Vacancies shall be filled in accordance with the applicable provisions of these Rules.

**(b)** In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

**(c)** In the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearings.

## R-22. Preliminary Hearing

**(a)** At the discretion of the arbitrator, and depending on the size and complexity of the arbitration, a preliminary hearing should be scheduled as soon as practicable after the arbitrator has been appointed. The parties should be invited to attend the preliminary hearing along with their representatives. The preliminary hearing may be conducted in person, by video conference or by telephone.

**(b)** At the preliminary hearing, the parties and the arbitrator should be prepared to discuss and establish a procedure for the conduct of the arbitration that is appropriate to achieve a fair, efficient, and economical resolution of the dispute. Procedures P-1 and P-2 of these Rules address the issues to be considered at the preliminary hearing.

## R-23. Pre-Hearing Exchange and Production of Information

**(a)** *Authority of arbitrator.* The arbitrator shall manage any necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses.

**(b)** *Documents.* The arbitrator may, on application of a party or on the arbitrator's own initiative:

- **i)** require the parties to exchange documents in their possession or custody on which they intend to rely;
- **ii)** require the parties to update their exchanges of the documents on which they intend to rely as such documents become known to them;
- **iii)** require the parties, in response to reasonable document requests, to make available to the other party documents in the responding party's possession or custody, not otherwise readily available to the party seeking the documents, and reasonably believed by the party seeking the documents to exist and to be relevant and material to the outcome of disputed issues; and

**iv)** require the parties, when documents to be exchanged or produced are maintained in electronic form, to make such documents available in the form most convenient and economical for the party in possession of such documents, unless the arbitrator determines that there is good cause for requiring the documents to be produced in a different form. The parties should attempt to agree in advance upon, and the arbitrator may determine, reasonable search parameters to balance the need for production of electronically stored documents relevant and material to the outcome of disputed issues against the cost of locating and producing them.

## R-24. Enforcement Powers of Arbitrator

The arbitrator shall have the authority to issue any orders necessary to enforce the provisions of Rules R-22 and R-23 and any other rule or procedure and to otherwise achieve a fair, efficient and economical resolution of the case, including, without limitation:

**(a)** conditioning any exchange or production of confidential documents and information, and the admission of confidential evidence at the hearing, on appropriate orders to preserve such confidentiality;

**(b)** imposing reasonable search parameters for electronic and other documents if the parties are unable to agree;

**(c)** allocating costs of producing documentation, including electronically stored documentation;

**(d)** in the case of willful non-compliance with any order issued by the arbitrator, drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance; and

**(e)** issuing any other enforcement orders which the arbitrator is empowered to issue under applicable law.

## R-25. Date, Time, Place, and Method of Hearing

The arbitrator shall set the date, time, place, and method (including video, audio or other electronic means when appropriate) for each hearing. The parties shall respond to requests for hearing dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established hearing schedule. The AAA shall send a notice of hearing to the parties at least 10 calendar days in advance of the hearing date, unless otherwise agreed by the parties.

## R-26. Attendance at Hearing

The arbitrator and the AAA shall maintain the privacy of the hearings unless the law provides to the contrary. Any person having a direct interest in the arbitration is entitled to attend hearings. The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other person.

## R-27. Representation

Any party may participate without representation (*pro se*), or by counsel or any other representative of the party's choosing, unless such choice is prohibited by applicable law. A party intending to be so represented shall notify the other party and the AAA of the name, telephone number and address, and email address if available, of the representative at least seven calendar days prior to the date set for the hearing at which that person is first to appear. When such a representative initiates an arbitration or responds for a party, notice is deemed to have been given.

## R-28. Oaths

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

## R-29. Official Record of Proceedings

**(a)** Any party desiring a transcribed record of a hearing shall make arrangements directly with a transcriber or transcription service and shall notify the arbitrator and the other parties of these arrangements at least seven calendar days in advance of the hearing. The requesting party or parties shall pay the cost of the record.

**(b)** No other means of recording any proceeding will be permitted absent the agreement of the parties or per the direction of the arbitrator.

**(c)** If the transcript or any other recording is agreed by the parties or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties at the direction of the arbitrator.

**(d)** The arbitrator may resolve any disputes with regard to apportionment of the costs of the transcription or other recording.

## R-30. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

## R-31. Postponements

The arbitrator may postpone any hearing upon agreement of the parties, upon request of a party for good cause shown, or upon the arbitrator's own initiative.

## R-32. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.

## R-33. Conduct of Proceedings

**(a)** The claimant shall present evidence to support its claim. The respondent shall then present evidence to support its defense. Witnesses for each party shall also submit to questions from the arbitrator and the adverse party. The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

**(b)** The arbitrator, exercising his or her discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute and may direct the order of proof, bifurcate proceedings and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

**(c)** The arbitrator may also allow for some or all of the presentation of evidence by alternative means including video, audio or other electronic means other than an in-person presentation. Such alternative means must afford a full opportunity for all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute and, when involving witnesses, provide an opportunity for cross-examination.

**(d)** The parties may agree to waive oral hearings in any case and may also agree to utilize the *Procedures for Resolution of Disputes Through Document Submission*, found in Procedure E-6.

## R-34. Dispositive Motions

**(a)** The arbitrator may allow the filing of and make rulings upon a dispositive motion only if the arbitrator determines the moving party has shown that the motion is likely to succeed and to dispose of or narrow the issues in the case.

**(b)** Consistent with the goal of achieving an efficient and economical resolution of the dispute, the arbitrator shall consider the time and cost associated with the briefing of a dispositive motion in deciding whether to allow any such motion.

**(c)** Fees, expenses, and compensation associated with a motion or an application to make a motion may be assessed as provided for in Rule R-49(c).

## R-35. Evidence

**(a)** The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. Conformity to legal rules of evidence shall not be necessary. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any of the parties is absent, in default, or has waived the right to be present.

**(b)** The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered and may exclude evidence deemed by the arbitrator to be cumulative or irrelevant.

**(c)** The arbitrator shall take into account applicable principles of legal privilege, such as those involving the confidentiality of communications between a lawyer and client.

**(d)** An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

## R-36. Evidence by Written Statements and Post-Hearing Filing of Documents or Other Evidence

**(a)** At a date agreed upon by the parties or ordered by the arbitrator, the parties shall give written notice for any witness or expert witness who has provided a written witness statement to appear in person at the arbitration hearing for examination. If such notice is given, and the witness fails to appear, the arbitrator may disregard the written witness statement and/or expert report of the witness or make such other order as the arbitrator may consider to be just and reasonable.

**(b)** If a witness whose testimony is represented by a party to be essential is unable or unwilling to testify at the hearing, either in person or through electronic or other means, either party may request that the arbitrator order the witness to appear in person for examination before the arbitrator at a time and location where the witness is willing and able to appear voluntarily or can legally be compelled to do so. Any such order may be conditioned upon payment by the requesting party of all reasonable costs associated with such examination.

**(c)** If the parties agree or the arbitrator directs that documents or other evidence be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator. All parties shall be afforded an opportunity to examine and respond to such documents or other evidence.

## R-37. Inspection or Investigation

An arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct the AAA to so advise the parties. The arbitrator shall set the date and time and the AAA shall notify the parties. Any party who so desires may be present at such an inspection or investigation. In the event that one or all parties are not present at the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

## R-38. Interim Measures

**(a)** The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.

**(b)** Such interim measures may take the form of an interim award, and the arbitrator may require security for the costs of such measures.

**(c)** A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

## R-39. Emergency Measures of Protection

**(a)** Unless the parties agree otherwise, the provisions of this Rule shall apply to arbitrations conducted under arbitration clauses or agreements entered on or after October 1, 2013. This Rule shall not apply to cases administered pursuant to the Expedited Procedures.

**(b)** A party in need of emergency relief prior to the constitution of the panel shall notify the AAA and all other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by facsimile or email or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good faith to notify other parties.

**(c)** Within one business day of receipt of notice from the AAA initiating the request referenced in section (b), the AAA shall appoint a single emergency arbitrator designated to rule on emergency applications. The emergency arbitrator shall expeditiously disclose any circumstance likely, on the basis of the facts disclosed on the application, to affect such arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the AAA to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.

**(d)** The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such a schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for proceeding by telephone or video conference or on written submissions as alternatives to a formal hearing. The emergency arbitrator shall have the authority vested in the tribunal under Rule R-7, including the authority to rule on her or his own jurisdiction, and shall resolve any disputes over the applicability of this Rule R-39.

**(e)** If, after consideration, the emergency arbitrator is satisfied that the party seeking the emergency relief has shown that immediate and irreparable loss or damage shall result in the absence of emergency relief, and that such party is entitled to such relief under applicable law, the emergency arbitrator may enter an interim order or award granting the relief and stating the reason therefore.

**(f)** Any application to modify an interim award of emergency relief must be based on changed circumstances and may be made to the emergency arbitrator until the non-emergency ("merits") arbitrator is appointed; thereafter such a request shall be addressed to the merits arbitrator. The emergency arbitrator shall have no further power to act after the merits arbitrator is appointed unless the emergency arbitrator is named as the merits arbitrator or as a member of the panel.

**(g)** Any interim award of emergency relief may be conditioned on provision by the party seeking such relief for appropriate security.

**(h)** A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with this Rule, the agreement to arbitrate or a waiver of the right to arbitrate. If the AAA is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the AAA shall proceed as provided in this Rule, and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

**(i)** The costs associated with applications for emergency relief shall initially be apportioned by the emergency arbitrator or special master, subject to the power of the merits arbitrator to determine finally the apportionment of such costs. The emergency arbitrator may take into consideration whether the request for emergency relief was made in good faith.

## R-40. Closing of Hearing

**(a)** The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

**(b)** If documents or responses are to be filed as provided in Rule R-36, or if briefs are to be filed, the hearing shall be declared closed as of the date the arbitrator is satisfied that the record is complete, and such date shall occur no later than seven calendar days from the date of receipt of the last such submissions or hearing transcript.

**(c)** The time limit within which the arbitrator is required to make the award shall commence, in the absence of other agreements by the parties, upon the closing of the hearing. The AAA may extend the time limit for rendering of the award only in unusual and extreme circumstances.

## R-41. Reopening of Hearing

The hearing may be reopened on the arbitrator's initiative, or by the direction of the arbitrator upon application of a party, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed to by the parties in the arbitration agreement, the matter may not be reopened unless the parties agree to an extension of time. When no specific date is fixed by agreement of the parties, the arbitrator shall have 30 calendar days from the closing of the reopened hearing within which to make an award (or 14 calendar days if the case is governed by the Expedited Procedures).

## R-42. Waiver of Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object.

## R-43. Extensions of Time

The parties may modify by mutual agreement any period of time established by these Rules or the parties' arbitration agreement. The AAA or the arbitrator may for good cause extend any period of time established by these Rules, except the time for making the award. The AAA shall notify the parties of any extension.

## R-44. Serving of Notice and Communications

**(a)** The service methods set forth in Rule R-4(b)(iii) may also be used for the delivery of any filing, notice or communication throughout the course of the arbitration proceeding.

**(b)** The AAA, the arbitrator, and the parties may also use alternative methods of communication or other platforms as directed by the AAA or as agreed by the parties or directed by the arbitrator to exchange any communication or other notice required by these Rules during the course of the arbitration.

**(c)** Unless otherwise instructed by the AAA or by the arbitrator, any party submitting any document or written communication to another party, the AAA or the arbitrator, shall simultaneously provide that material to all other participants, including the AAA.

**(d)** Failure to provide the other party with copies of communications provided to the AAA or the arbitrator may prevent the AAA or the arbitrator from acting on any requests or objections contained therein.

**(e)** The AAA may direct that any oral or written communications sent by a party or their representative shall be sent in a particular manner. The failure of a party or their representative to comply with any such direction may result in the AAA's refusal to consider the issue raised in the communication

**(f)** The AAA may initiate administrative communications with the parties or their representatives either jointly or individually.

**(g)** Any method of service on or notice to a party must be made in such a manner to provide that party with reasonable opportunity to be heard with regard to the dispute.

## R-45. Confidentiality

**(a)** Unless otherwise required by applicable law, court order, or the parties' agreement, the AAA and the arbitrator shall keep confidential all matters relating to the arbitration or the award.

**(b)** Upon the agreement of the parties or the request of any party, the arbitrator may make orders concerning the confidentiality of the arbitration proceedings or of any other matters in connection with the arbitration and may take measures for protecting trade secrets and confidential information.

## R-46. Majority Decision

**(a)** When the panel consists of more than one arbitrator, unless required by law or by the arbitration agreement or section (b) of this Rule, a majority of the arbitrators must make all decisions.

**(b)** Where there is a panel of three arbitrators, absent an objection of a party or another member of the panel, the chairperson of the panel is authorized to

resolve any disputes related to the exchange of information or procedural matters without the need to consult the full panel.

**(c)** Absent an objection of a party or another member of the panel, the chairperson may sign any order on behalf of the panel.

## R-47. Time of Award

The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 calendar days from the date of closing the hearing, or, if oral hearings have been waived, from the due date set for receipt of the parties' final statements and proofs.

## R-48. Form of Award

**(a)** Any award shall be in writing and signed by a majority of the arbitrators. Signatures may be executed in electronic or digital form. The award shall be executed in the form and manner required by law.

**(b)** The arbitrator need not render a reasoned award unless the parties request such an award in writing prior to appointment of the arbitrator or unless the arbitrator determines that a reasoned award is appropriate.

## R-49. Scope of Award

**(a)** The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract.

**(b)** In addition to a final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and apportion the fees, expenses, and compensation related to such award as the arbitrator determines is appropriate.

**(c)** In the final award or any order disposing of all of the case, the arbitrator shall assess the fees, expenses, and compensation provided in Rules R-55, R-56, and R-57. The arbitrator may also assess such fees, expenses, and compensation in any order or award disposing of part of the case. The arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate.

**(d)** The award of the arbitrator may include:

- **i)** interest at such rate and from such date as the arbitrator may deem appropriate; and
- **ii)** an award of attorneys' fees if all parties have requested such an award or it is authorized by law or the parties' arbitration agreement.

## R-50. Award Upon Settlement – Consent Award

**(a)** If the parties settle their dispute during the course of the arbitration and if the parties so request, the arbitrator may set forth the terms of the settlement in a "consent award." A consent award must include an allocation of arbitration costs, including administrative fees and expenses as well as arbitrator fees and expenses as set forth in Rule R-49(c).

**(b)** The consent award shall not be released to the parties until all administrative fees and all arbitrator compensation have been paid in full.

## R-51. Delivery of Award to Parties

Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at their last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

## R-52. Modification of Award

**(a)** Within 20 calendar days after the transmittal of any award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, interpret the award or correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to re-determine the merits of any claim already decided. The other parties shall be given 10 calendar days to respond to the request. The arbitrator shall dispose of the request within 20 calendar days after transmittal by the AAA to the arbitrator of the request and any response thereto.

**(b)** If the arbitrator has established a different schedule for such requests, responses, and disposition, the arbitrator's schedule will supersede the deadlines set forth in this Rule.

## R-53. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party to the arbitration, furnish to the party, at its expense, copies or certified copies of any papers in the AAA's possession that are not determined by the AAA to be privileged or confidential.

## R-54. Applications to Court and Exclusion of Liability

**(a)** No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

**(b)** Neither the AAA nor any arbitrator in a proceeding under these Rules is a necessary or proper party in any judicial proceedings relating to the arbitration or any other services provided by the AAA.

**(c)** Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

**(d)** Parties to an arbitration under these Rules shall be deemed to have consented that the AAA shall not be liable to any party in any action for damages, or injunctive or other relief, for any act or omission in connection with any arbitration administered in whole or in part by the AAA or conducted under these Rules. Parties shall also be deemed to have consented that the arbitrator shall not be liable to any party in any action for damages, or injunctive or other relief, for an act or omission in connection with any arbitration administered in whole or in part by the AAA.

**(e)** Parties to an arbitration under these Rules may not call the arbitrator, the AAA, or AAA employees as a witness in litigation or any other proceeding relating to the arbitration. The arbitrator, the AAA and AAA employees are not competent to testify as witnesses in any such proceeding.

## R-55. Administrative Fees

As a not-for-profit organization, the AAA shall prescribe administrative fees to compensate it for the cost of providing administrative services. The fee schedule in effect when the Demand is filed will apply throughout the pendency of the case. The administrative fees shall be paid initially by the party or parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award. The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees.

## R-56. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.

## R-57. Neutral Arbitrator's Compensation

**(a)** Arbitrators shall be compensated at a rate consistent with the arbitrator's stated rate of compensation at the time their AAA resume is presented to the parties for consideration pursuant to Rule R-13, unless otherwise determined by the AAA. Such compensation will be consistent with the provisions of the arbitrator's executed *Notice of Compensation Arrangements*.

**(b)** If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

**(c)** Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

## R-58. Deposits

**(a)** The AAA will require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's compensation and expenses, if any, and shall render an accounting to the parties and return any unexpended balance at the conclusion of the case. A party's failure to make the requested deposits by the date established by the AAA may result in the AAA's or the arbitrator's taking any appropriate steps as set forth in Rule R-59.

**(b)** Other than in cases where the arbitrator serves for a flat fee, deposit amounts requested will be based on estimates provided by the arbitrator. The arbitrator will determine the estimated amount of deposits using the information provided by the parties with respect to the complexity of each case.

**(c)** The AAA shall request from the arbitrator an itemization or explanation for the arbitrator's request for deposits.

**(d)** The AAA will allocate the deposits requested among the parties and will establish due dates for the collection of those deposits.

## R-59. Remedies for Nonpayment

If arbitrator compensation or expenses or the AAA's administrative fees have not been paid in full, the AAA may so inform the parties so that one of them may advance the required payment.

**(a)** Upon receipt of information from the AAA that payment for administrative fees or deposits for arbitrator compensation or expense have not been paid in full, to the extent the law allows, a party may request that the arbitrator take specific measures relating to a party's non-payment. Such measures may include, but are not limited to:

- **i)** limiting a party's ability to assert or pursue its claim, and
- **ii)** prohibiting a non-paying party from filing any motion.

**(b)** In no event, however, shall a party be precluded from defending a claim or counterclaim.

**(c)** The arbitrator must provide the party opposing a request for such measures with the opportunity to respond prior to making any ruling regarding the same.

**(d)** In the event that the arbitrator grants any request for relief which limits any party's participation in the arbitration, the arbitrator shall require the party who is making a claim and who has made appropriate payments to submit such evidence as the arbitrator may require for the making of an award.

**(e)** Upon receipt of information from the AAA that full payments have not been received, the arbitrator, on the arbitrator's own initiative or at the request of the AAA or a party, may order the suspension of the arbitration. If no arbitrator has yet been appointed, the AAA may suspend the proceedings.

**(f)** If the arbitration has been suspended by either the AAA or the arbitrator and the parties have failed to make the full payments requested within the time provided after the suspension, the arbitrator, or the AAA if an arbitrator has not been appointed, may terminate the proceedings.

## R-60. Sanctions

**(a)** The arbitrator may, upon a party's request, order appropriate sanctions where a party fails to comply with its obligations under these Rules or with an order of the arbitrator. In the event that the arbitrator enters a sanction that limits any party's participation in the arbitration or results in an adverse determination of an issue or issues, the arbitrator shall explain that order in writing and shall require the submission of evidence and legal argument prior to making of an award. The arbitrator may not enter a default award as a sanction.

**(b)** The arbitrator must provide a party that is subject to a sanction request with the opportunity to respond prior to making any determination regarding the sanctions application.

# Preliminary Hearing Procedures

## P-1. General

**(a)** In all but the simplest cases, holding a preliminary hearing as early in the process as possible will help the parties and the arbitrator organize the proceeding in a manner that will maximize efficiency and economy, and will provide each party a fair opportunity to present its case.

**(b)** Care must be taken to avoid importing procedures from court systems, as such procedures may not be appropriate to the conduct of arbitrations as an alternative form of dispute resolution that is designed to be simpler, less expensive and more expeditious.

## P-2. Checklist

**(a)** The following checklist suggests subjects that the parties and the arbitrator should address at the preliminary hearing, in addition to any others that the parties or the arbitrator believe to be appropriate to the particular case. The items to be addressed in a particular case will depend on the size, subject matter, and complexity of the dispute, and are subject to the discretion of the arbitrator:

**i)** the possibility of other non-adjudicative methods of dispute resolution, including mediation pursuant to Rule R-10;

**ii)** whether all necessary or appropriate parties are included in the arbitration;

**iii)** whether a party will seek a more detailed statement of claims, counterclaims or defenses;

**iv)** whether there are any anticipated amendments to the parties' claims, counterclaims, or defenses;

**v)** which

- **a)** arbitration rules;
- **b)** procedural law; and
- **c)** substantive law govern the arbitration;

**vi)** issues related to cybersecurity, privacy and data protection to provide for an appropriate level of security and compliance in connection with the proceeding;

**vii)** whether there are any threshold or dispositive issues that can efficiently be decided without considering the entire case, including without limitation,

- **a)** any preconditions that must be satisfied before proceeding with the arbitration;
- **b)** whether any claim or counterclaim falls outside the arbitrator's jurisdiction or is otherwise not arbitrable;

**c)** consolidation of the claims or counterclaims with another arbitration; or

**d)** bifurcation of the proceeding.

**viii)** whether the parties will exchange documents, including electronically stored documents, on which they intend to rely in the arbitration, and/or make written requests for production of documents within defined parameters;

**ix)** whether to establish any additional procedures to obtain information that is relevant and material to the outcome of disputed issues;

**x)** how costs of any searches for requested information or documents that would result in substantial costs should be borne;

**xi)** whether any measures are required to protect confidential information;

**xii)** Whether the parties shall disclose:

**a)** whether any non-party (such as a third-party funder or an insurer) has undertaken to pay or to contribute to the cost of a party's participation in the arbitration, and if so, to identify the person or entity concerned and to describe the nature of the undertaking; and

**b)** whether any non-party (such as a funder, insurer, parent company, or ultimate beneficial owner) has an economic interest in the outcome of the arbitration, and if so, to identify the person or entity concerned and to describe the nature of the interest;

**xiii)** whether the parties intend to present evidence from expert witnesses, and if so, whether to establish a schedule for the parties to identify their experts and exchange expert reports;

**xiv)** whether, according to a schedule set by the arbitrator, the parties will:

**a)** identify all witnesses, the subject matter of their anticipated testimonies, exchange written witness statements, and determine whether written witness statements will replace direct testimony at the hearing;

**b)** exchange and pre-mark documents that each party intends to submit; and

**c)** exchange pre-hearing submissions, including exhibits;

**xv)** the date, time and place of the arbitration hearing;

**a)** whether, at the arbitration hearing,

**b)** testimony may be presented in person, in writing, by videoconference, via the internet, telephonically, or by other reasonable means;

**xvi)** there will be a stenographic transcript or other record of the proceeding and, if so, who will make arrangements to provide it;

**xvii)** whether any procedure needs to be established for the issuance of subpoenas;

**xviii)** the identification of any ongoing, related litigation or arbitration;

**xix)** whether post-hearing submissions will be filed;

**xx)** the form of the arbitration award; and

**xxi)** any other matter the arbitrator considers appropriate or a party wishes to raise.

**(b)** The arbitrator shall issue a written order memorializing decisions made and agreements reached during or following the preliminary hearing.

# Expedited Procedures

## E-1. Limitation on Extensions

**(a)** Except in extraordinary circumstances, the AAA or the arbitrator may grant a party no more than one seven-day extension of time to respond to the Demand for Arbitration or counterclaim as provided in Rule R-5.

**(b)** Any other extension requests may be granted only after consideration of Procedure E-7.

## E-2. Changes of Claim or Counterclaim

A claim or counterclaim may be increased in amount, or a new or different claim or counterclaim added, any time prior to the appointment of the arbitrator. However, after the arbitrator is appointed, no new or different claim or counterclaim may be submitted except with the arbitrator's consent. If an increased claim or counterclaim exceeds $100,000, the case will be administered under the regular Commercial Arbitration Rules unless all parties and the arbitrator agree that the case may continue to be administered under the Expedited Procedures.

## E-3. Serving of Notice

In addition to notice provided by Rule R-44, the parties shall also accept notice by telephone. Telephonic notices by the AAA shall subsequently be confirmed in writing to the parties. Should there be a failure to confirm in writing any such oral notice, the proceeding shall nevertheless be valid if notice has, in fact, been given by telephone.

## E-4. Appointment and Qualifications of Arbitrator

**(a)** The AAA shall simultaneously submit to each party an identical list of five proposed arbitrators drawn from its National Roster from which one arbitrator shall be appointed.

**(b)** The parties are encouraged to agree to an arbitrator from this list and to advise the AAA of their agreement. If the parties are unable to agree upon an arbitrator, each party may strike two names from the list and return it to the AAA within seven days from the date of the AAA's mailing to the parties. If for any reason the appointment of an arbitrator cannot be made from the list, the AAA may make the appointment from other members of the panel without the submission of additional lists.

**(c)** The parties will be given notice by the AAA of the appointment of the arbitrator, who shall be subject to disqualification for the reasons specified in Rule R-19.

The parties shall notify the AAA within seven calendar days of any objection to the arbitrator appointed. Any such objection shall be for cause and shall be confirmed in writing to the AAA with a copy to the other party or parties.

## E-5. Discovery, Motions, and Conduct of Proceedings

**(a)** At least two business days prior to the hearing, the parties shall exchange copies of all exhibits they intend to submit at the hearing. The arbitrator shall resolve disputes concerning the exchange of exhibits.

**(b)** No other discovery shall be permitted except as allowed by the arbitrator for good cause shown. If the arbitrator allows additional discovery, the AAA, in consultation with the arbitrator, may remove the case from the Expedited Procedures.

**(c)** There shall be no motions except as allowed by the arbitrator for good cause shown.

## E-6. Proceedings on Documents and Procedures for the Resolution of Disputes Through Document Submission

Where no party's claim exceeds $25,000, exclusive of interest, attorneys' fees and arbitration costs, and other cases in which the parties agree, the dispute shall be resolved by submission of documents, unless any party requests an oral hearing, or the arbitrator determines that an oral hearing is necessary. Where cases are resolved by submission of documents, the following procedures may be utilized at the agreement of the parties or the discretion of the arbitrator:

**(a)** Within 14 calendar days of confirmation of the arbitrator's appointment, the arbitrator may convene a preliminary management hearing, via conference call, video conference, or internet, to establish a fair and equitable procedure for the submission of documents, and, if the arbitrator deems appropriate, a schedule for one or more telephonic or electronic conferences.

**(b)** The arbitrator has the discretion to remove the case from the documents-only process if the arbitrator determines that an in-person hearing is necessary.

**(c)** If the parties agree to in-person hearings after a previous agreement to proceed under this Procedure, the arbitrator shall conduct such hearings. If a party seeks to have in-person hearings after agreeing to this Procedure, but there is not agreement among the parties to proceed with in-person hearings, the arbitrator shall resolve the issue after the parties have been given the opportunity to provide their respective positions on the issue.

**(d)** The arbitrator shall establish the date for either written submissions or a final telephonic or electronic conference. Such date shall operate to close the hearing and the time for the rendering of the award shall commence.

**(e)** Unless the parties have agreed to a form of award other than that set forth in Rule R-48, when the parties have agreed to resolve their dispute by this Procedure, the

arbitrator shall render the award within 14 calendar days from the date the hearing is closed.

**(f)** If the parties agree to a form of award other than that described in Rule R-48, the arbitrator shall have 30 calendar days from the date the hearing is declared closed in which to render the award.

**(g)** The award is subject to all other provisions of the regular Commercial Arbitration Rules which pertain to awards.

## E-7. Date, Time, Place, and Method of Hearing

In cases in which a hearing is to be held, the arbitrator shall set the date, time, place, and method of the hearing, to be scheduled to take place no more than 60 days after the preliminary hearing or as otherwise mutually agreed to between the parties and the arbitrator. The AAA will notify the parties in advance of the hearing date.

## E-8. The Hearing

**(a)** Absent good cause shown, the hearing shall not exceed one day. Each party shall have equal opportunity to submit its proofs and complete its case. The arbitrator shall determine the order of the hearing, and may require further submission of documents within two business days after the hearing.

**(b)** For good cause shown, the arbitrator may schedule one additional day of hearings to be completed within seven business days after the initial day of hearing or as soon as practicable as determined by the arbitrator. In cases where the hearing is scheduled to exceed one day, the AAA, in consultation with the arbitrator, may remove the case from the Expedited Procedures.

**(c)** Generally, there will be no stenographic record. Any party desiring a transcribed record of the hearing may arrange for one pursuant to the provisions of Rule R-29.

## E-9. Time of Award

Unless otherwise agreed by the parties and arbitrator, the award shall be rendered not later than 14 calendar days from the date of the closing of the hearing or, if oral hearings have been waived, from the due date established for the receipt of the parties' final statements and proofs.

## E-10. Arbitrator's Compensation

**(a)** Arbitrators will receive compensation at a rate to be suggested by the AAA regional office.

**(b)** For cases that are removed from the Expedited Procedures after the preliminary hearing is held, the arbitrator shall be compensated pursuant to Rule R-57.

# Procedures for Large, Complex Commercial Disputes

## L-1. Administrative Conference

Prior to the dissemination of a list of potential arbitrators, the AAA may, unless the parties agree otherwise, conduct an administrative conference with the parties and/or their attorneys or other representatives by conference call or video conference. The conference will take place as soon as practicable after the commencement of the arbitration. In the event the parties are unable to agree on a mutually acceptable time for the conference, the AAA may contact the parties individually to discuss the issues contemplated herein. Such administrative conference shall be conducted for the following purposes and for such additional purposes as the parties or the AAA may deem appropriate:

**(a)** to obtain additional information about the nature and magnitude of the dispute and the anticipated length of hearing and scheduling;

**(b)** to discuss the views of the parties about the technical and other qualifications of the arbitrators;

**(c)** to obtain conflicts statements from the parties; and

**(d)** to consider, with the parties, whether mediation or other non-adjudicative methods of dispute resolution might be appropriate.

## L-2. Arbitrators

**(a)** Large, complex commercial cases shall be heard and determined by either one or three arbitrators, as may be agreed upon by the parties. With the exception in paragraph (b) below, if the parties do not agree upon the number of arbitrators and a claim or counterclaim involves at least $3,000,000 then three arbitrators shall hear and determine the case; otherwise one arbitrator shall hear and determine the case.

**(b)** In cases involving the financial hardship of a party or other circumstance, the AAA at its discretion may require that only one arbitrator hear and determine the case, regardless of the amount of the claim and counterclaim.

**(c)** The AAA shall appoint the arbitrator as agreed by the parties. If they are unable to agree on a method of appointment, the AAA shall appoint arbitrators from the Large, Complex Commercial Case Panel, in the manner provided in the regular Commercial Arbitration Rules. Absent agreement of the parties, the arbitrator shall not have served as the mediator in the mediation phase of the instant proceeding.

## L-3. Management of Proceedings

**(a)** The arbitrator shall take such steps as deemed necessary or desirable to avoid delay and to achieve a fair, speedy and cost-effective resolution of a Large, Complex Commercial Dispute.

**(b)** As promptly as practicable after the selection of the arbitrator(s), a preliminary hearing shall be scheduled in accordance with Procedures P-1 and P-2 of these rules.

**(c)** The parties shall exchange copies of all exhibits they intend to submit at the hearing at least 10 calendar days prior to the hearing unless the arbitrator determines otherwise.

**(d)** The parties and the arbitrator shall address issues pertaining to the pre-hearing exchange and production of information in accordance with Rule R-23 of the AAA Commercial Rules, and the arbitrator's determinations on such issues shall be included within a scheduling order.

**(e)** The arbitrator, or any single member of the panel, shall be authorized to resolve any disputes concerning the pre-hearing exchange and production of documents and information by any reasonable means within their discretion, including, without limitation, the issuance of orders set forth in Rules R-23 and R-24 of the AAA Commercial Rules.

**(f)** In exceptional cases, at the discretion of the arbitrator, upon good cause shown and consistent with the expedited nature of arbitration, the arbitrator may order depositions to obtain the testimony of a person who may possess information determined by the arbitrator to be relevant and material to the outcome of the case. The arbitrator may allocate the cost of taking such a deposition.

**(g)** Generally, hearings will be scheduled on consecutive days or in blocks of consecutive days in order to maximize efficiency and minimize costs.

# Administrative Fee Schedules (Standard and Flexible Fees)

FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT www.adr.org/feeschedule.

# Commercial Mediation Procedures

## M-1. Agreement of Parties

Whenever, by stipulation or in their contract, the parties have provided for mediation or conciliation of existing or future disputes under the auspices of the American Arbitration Association or under these procedures, the parties and their representatives, unless agreed otherwise in writing, shall be deemed to have made these procedural guidelines, as amended and in effect as of the date of filing of a request for mediation, a part of their agreement and designate the AAA as the administrator of their mediation.

The parties by mutual agreement may vary any part of these procedures including, but not limited to, agreeing to conduct the mediation via telephone or other electronic or technical means.

## M-2. Initiation of Mediation

Any party or parties to a dispute may initiate mediation under the AAA's auspices by making a request for mediation to any of the AAA's regional offices or case management centers via telephone, email, regular mail or fax. Requests for mediation may also be filed online via AAA WebFile at www.adr.org.

The party initiating the mediation shall simultaneously notify the other party or parties of the request. The initiating party shall provide the following information to the AAA and the other party or parties as applicable:

- **(i)** A copy of the mediation provision of the parties' contract or the parties' stipulation to mediate.
- **(ii)** The names, regular mail addresses, email addresses, and telephone numbers of all parties to the dispute and representatives, if any, in the mediation.
- **(iii)** A brief statement of the nature of the dispute and the relief requested.
- **(iv)** Any specific qualifications the mediator should possess.

## M-3. Representation

Subject to any applicable law, any party may be represented by persons of the party's choice. The names and addresses of such persons shall be communicated in writing to all parties and to the AAA.

## M-4. Appointment of the Mediator

If the parties have not agreed to the appointment of a mediator and have not provided any other method of appointment, the mediator shall be appointed in the following manner:

**(i)** Upon receipt of a request for mediation, the AAA will send to each party a list of mediators from the AAA's Panel of Mediators. The parties are encouraged to agree to a mediator from the submitted list and to advise the AAA of their agreement.

**(ii)** If the parties are unable to agree upon a mediator, each party shall strike unacceptable names from the list, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all mediators on the list shall be deemed acceptable. From among the mediators who have been mutually approved by the parties, and in accordance with the designated order of mutual preference, the AAA shall invite a mediator to serve.

**(iii)** If the parties fail to agree on any of the mediators listed, or if acceptable mediators are unable to serve, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the authority to make the appointment from among other members of the Panel of Mediators without the submission of additional lists.

## M-5. Mediator's Impartiality and Duty to Disclose

AAA mediators are required to abide by the *Model Standards of Conduct for Mediators* in effect at the time a mediator is appointed to a case. Where there is a conflict between the *Model Standards* and any provision of these Mediation Procedures, these Mediation Procedures shall govern. The Standards require mediators to (i) decline a mediation if the mediator cannot conduct it in an impartial manner, and (ii) disclose, as soon as practicable, all actual and potential conflicts of interest that are reasonably known to the mediator and could reasonably be seen as raising a question about the mediator's impartiality.

Prior to accepting an appointment, AAA mediators are required to make a reasonable inquiry to determine whether there are any facts that a reasonable individual would consider likely to create a potential or actual conflict of interest for the mediator. AAA mediators are required to disclose any circumstance likely to create a presumption of bias or prevent a resolution of the parties' dispute within the time-frame desired by the parties. Upon receipt of such disclosures, the AAA shall immediately communicate the disclosures to the parties for their comments.

The parties may, upon receiving disclosure of actual or potential conflicts of interest of the mediator, waive such conflicts and proceed with the mediation. In the event that a party disagrees as to whether the mediator shall serve, or in the event that the mediator's conflict of interest might reasonably be viewed as undermining the integrity of the mediation, the mediator shall be replaced.

## M-6. Vacancies

If any mediator shall become unwilling or unable to serve, the AAA will appoint another mediator, unless the parties agree otherwise, in accordance with section M-4.

## M-7. Duties and Responsibilities of the Mediator

**(i)** The mediator shall conduct the mediation based on the principle of party self-determination. Self-determination is the act of coming to a voluntary, uncoerced decision in which each party makes free and informed choices as to process and outcome.

**(ii)** The mediator is authorized to conduct separate or *ex parte* meetings and other communications with the parties and/or their representatives, before, during, and after any scheduled mediation conference. Such communications may be conducted via telephone, in writing, via email, online, in person or otherwise.

**(iii)** The parties are encouraged to exchange all documents pertinent to the relief requested. The mediator may request the exchange of memoranda on issues, including the underlying interests and the history of the parties' negotiations. Information that a party wishes to keep confidential may be sent to the mediator, as necessary, in a separate communication with the mediator.

**(iv)** The mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute. Subject to the discretion of the mediator, the mediator may make oral or written recommendations for settlement to a party privately or, if the parties agree, to all parties jointly.

**(v)** In the event a complete settlement of all or some issues in dispute is not achieved within the scheduled mediation session(s), the mediator may continue to communicate with the parties, for a period of time, in an ongoing effort to facilitate a complete settlement.

**(vi)** The mediator is not a legal representative of any party and has no fiduciary duty to any party.

## M-8. Responsibilities of the Parties

The parties shall ensure that appropriate representatives of each party, having authority to consummate a settlement, attend the mediation conference.

Prior to and during the scheduled mediation conference session(s) the parties and their representatives shall, as appropriate to each party's circumstances, exercise their best efforts to prepare for and engage in a meaningful and productive mediation.

## M-9. Privacy

Mediation sessions and related mediation communications are private proceedings. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

## M-10. Confidentiality

Subject to applicable law or the parties' agreement, confidential information disclosed to a mediator by the parties or by other participants (witnesses) in the course of the mediation shall not be divulged by the mediator. The mediator shall maintain the confidentiality of all information obtained in the mediation, and all records, reports, or other documents received by a mediator while serving in that capacity shall be confidential.

The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding the following, unless agreed to by the parties or required by applicable law:

- **(i)** Views expressed or suggestions made by a party or other participant with respect to a possible settlement of the dispute;
- **(ii)** Admissions made by a party or other participant in the course of the mediation proceedings;
- **(iii)** Proposals made or views expressed by the mediator; or
- **(iv)** The fact that a party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

## M-11. No Stenographic Record

There shall be no stenographic record of the mediation process.

## M-12. Termination of Mediation

The mediation shall be terminated:

**(i)** By the execution of a settlement agreement by the parties; or

**(ii)** By a written or verbal declaration of the mediator to the effect that further efforts at mediation would not contribute to a resolution of the parties' dispute; or

**(iii)** By a written or verbal declaration of all parties to the effect that the mediation proceedings are terminated; or

**(iv)** When there has been no communication between the mediator and any party or party's representative for 21 days following the conclusion of the mediation conference.

## M-13. Exclusion of Liability

Neither the AAA nor any mediator is a necessary party in judicial proceedings relating to the mediation. Neither the AAA nor any mediator shall be liable to any party for any error, act or omission in connection with any mediation conducted under these procedures.

## M-14. Interpretation and Application of Procedures

The mediator shall interpret and apply these procedures insofar as they relate to the mediator's duties and responsibilities. All other procedures shall be interpreted and applied by the AAA.

## M-15. Deposits

Unless otherwise directed by the mediator, the AAA will require the parties to deposit in advance of the mediation conference such sums of money as it, in consultation with the mediator, deems necessary to cover the costs and expenses of the mediation and shall render an accounting to the parties and return any unexpended balance at the conclusion of the mediation.

## M-16. Expenses

All expenses of the mediation, including required traveling and other expenses or charges of the mediator, shall be borne equally by the parties unless they agree otherwise. The expenses of participants for either side shall be paid by the party requesting the attendance of such participants.

## M-17. Cost of the Mediation

FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT www.adr.org/feeschedule.

*© 2025 American Arbitration Association, Inc. All rights reserved. These rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.*